UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-23-14-R |
| | ) (CIV-25-120-R) |
| DAIVIEN RAQAWN EMERSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Daivien Raqawn Emerson's pro se[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 65]. The Motion asserts one ground for relief: defense counsel's failure to file a motion to suppress violated his Sixth Amendment right to effective assistance of counsel. The government has filed a response [Doc. No. 72] and the matter is now at issue. For the reasons that follow, the Court finds that no hearing is needed and the Motion should be denied on the existing record.

Defendant was charged in a two-count Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1) and assaulting a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and (b) (Count 2). On March 8, 2023, Defendant entered a plea of guilty pursuant to a plea agreement [Doc. No. 24]. The plea agreement provided that in exchange for pleading guilty to Count 1 of the Indictment, the government

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

would dismiss Count 2 at sentencing. A little over a month later, Defendant's counsel moved to withdraw [Doc. No. 29], citing a conflict of interest. The motion was granted [Doc. No. 24], and Defendant was appointed new counsel. A sentencing hearing was held on December 29, 2023 [Doc. No. 46] and continued to January 11, 2024 to permit the parties to file supplemental briefing on issues and objections raised by the parties. On January 11, 2024, Defendant was sentenced to 150 months imprisonment [Doc. Nos. 59-62]. Defendant did not file a direct appeal.

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States...or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant is entitled to an evidentiary hearing on his claim, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. at § 2255(b). When ineffective assistance of counsel is the basis of a § 2255 claim, the defendant must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this test, a defendant must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*. A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney. *Id*. at 687–88. In evaluating counsel's performance, courts should make "every effort…to eliminate the distorting effects of hindsight" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. To establish the second prong, a defendant must show that his attorney's deficient performance prejudiced the defense to the extent

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. The likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). If a defendant cannot show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 700.

      Defendant asserts that he received ineffective assistance of counsel because his attorneys failed to advise him of the grounds for filing a motion to suppress and failed to file a motion to suppress. Defendant does not provide any additional explanation or factual details in support of his claim. His argument is therefore "too generalized and conclusory to support a claim for ineffective assistance of counsel." *United States v. Salcido*, No. 22-2105, 2023 WL 5663246, at *3 (10th Cir. Sept. 1, 2023); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (denying habeas petitioner's arguments because they were "merely conclusory in nature and without supporting factual averments").

      Additionally, as the government notes in its response brief, the only evidence relevant to Count 1 appears to be the firearm that was recovered from the scene where Defendant fled from law enforcement. The firearm was recovered in an open area, which is not subject to the "special protection accorded by the Fourth Amendment." *Oliver v. United States*, 466 U.S. 170, 176 (1984) (quotation omitted). Thus, there does not appear to be any nonfrivolous issue related to the recovery of the firearm that might warrant a motion to suppress. Petitioner has therefore failed to show either deficient performance or

prejudice in connection with counsel's alleged failure to advise him of or file a motion to suppress.

For the reasons set forth above, Defendant Emerson's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. Nos. 65] is DENIED. Additionally, because the record conclusively shows that the prisoner is entitled to no relief, an evidentiary hearing is not warranted. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court rejects the claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 3rd day of June, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE